**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

October 7, 2022

**BY ECF**
Hon. Ann M. Donnelly, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   **Re:    Fernandez v. Wenig Saltiel, LLP., et al.**
> **Docket No.: 19-CV-1979 (AMD)(MMH)**
> **Opposition to Defendants' Application For A Further Extension To File Summary Judgment Motions, dated 2/15/2023**

Dear Judge Donnelly:

    This office represents Plaintiff Shonda Fernandez in this matter. We write the Court in response and in opposition to Defendants' letter seeking a further extension of time to file their purported motion for summary judgment. After several requested adjournments, wherein Plaintiff expressed opposition to Defendants, but nevertheless gave them repeated opportunities to make their requests to the Court unopposed, we now formally oppose this further application for an extension.

    <u>Eight months ago</u>, on 6/13/2022 – after extensive discovery, the Court closed discovery and set this matter down for post-discovery proceedings, including dispositive motions (*See* ECF Docket entry, dated 6/13/2022).

    On 6/24/2022, the Court gave Defendants permission to make their motion for summary judgment by 7/19/2022. This was a date that was chosen and requested by the Defendants to make said motion and Plaintiff consented to their request (ECF Docket Entry, dated 6/24/2022). However, on 7/19/2022, the date the motion was to be submitted, <u>no such motion was filed</u>. Indeed, Defendants did not make any application for an extension, nor did they advise the Court that there were any impediments preventing them from filing said motion by the date set by the Court. As a result, Plaintiff was of the belief that a motion was not coming and set her attention to preparing for trial.

    However, on 9/1/2022, the Honorable Magistrate Judge Henry noticed that no motion was filed by Defendants (a month and a half prior when it was due). Judge Henry, in the most courteous way, did not indicate that motions were waived but instead, reminded Defendants that they defaulted on their motion and gave them the most gracious opportunity (***sua sponte***) to make that motion a month and a half late, in addition to providing them with another 30 days to do so. (ECF Docket entry, dated 9/1/2022). **As such Defendants were given 73 days** (from 7/19/2022 – 9/30/2022) to file their motion.

But then, on 9/30/2022, once again, no motion was filed and Defendants sought yet another extension to file their motion (ECF Docket entry no., 65, dated 9/30/2022). Thereafter, on 10/11/2022, the Court granted Defendants permission, once again, to file their motions. (ECF Docket entry, dated 10/11/2022). Thereafter, on 10/26/2022, the Parties entered into another briefing schedule wherein Defendants were afforded another month to make their motion. Specifically, Defendants asked to be able to file their motion by November 30, 2022 and the Court granted same (ECF Docket entry, dated 10/26/2022). As such, by this time, Defendants were graciously given **134 total days** (from 7/19/2022 to 11/30/2022) to make this motion for summary judgment.

However, again, on 11/29/2022, Defendants did not have their motion ready and sought (yet) another extension of time. Former counsel Sylvia Stanciu consented to this request and allowed Defendants to make another application, on consent, for a further extension of time (Docket entry no. 68, dated 11/29/2022). Defendants asked to be able to file their motion by 12/14/2022 (ECF Docket entry, dated 11/30/2022), which was granted by the Court. As such, **Defendants were now given 158 total days** to make this purported motion.

But, once again, on 12/13/2022, Defendants asked the Court for another extension of time to be able to file their motions by January 13, 2023 (ECF Docket entry no. 69, dated 12/14/2022). This application too was granted by the Court (*Id*., dated 12/16/2022). Thus, **Defendants were now afforded 178 total days** (two whole seasons) to make their motion.

Again, on 1/12/2022, Defendants sought another extension of time to make that motion (ECF Docket entry no. 71, dated 1/12/2023) and same was granted by the Court on 1/17/2023 (Docket entry, dated 1/17/2023). Therefore, Defendants were given permission to file their motion by 1/20/2023 – **185 total days** after their motion was supposed to be filed on 7/19/2022. So now, Defendants had over a half year to make that motion.

On 1/20/2023, Defendants file a notice of motion for summary judgment with no briefing papers or exhibits attached thereto. (ECF Docket entry no. 72, dated 1/20/2023). Defendants claim that the most important documents (*i.e.* the actual substantive moving papers) were never filed alongside that motion. Further, Defendants claimed to have discovered this most important discrepancy almost a month after the due date for their motion, when Plaintiff's opposition papers were coming due? I hesitate to question the credibility of this excuse and will leave that up to Your Honor to assess. Nevertheless, now, on February 16, 2023, Defendants are seeking (yet) another extension of time to file their motion – **211 total days** after their motion was supposed to be filed on 7/19/2022.

For obvious reasons, we believe Defendants have been given ample time to make their motion for summary judgment. Their 211 day delay is prejudicial to Plaintiff and should not be allowed.

Respectfully Submitted,
*/S/*
Gregory Calliste, Jr.

**Cc: Counsels for Defendants,** *via ECF*