

**LAW OFFICES OF**
**ROBERT E. BROWN, P.C.**

www.RobertBrownLaw.com

14 Wall Street, 20th Fl. New York, NY 10005  Tel. 212.766.9779
1200 South Avenue - Suite 201, Staten Island, NY 10314  Tel. 718.979.9779  Fax. 718.979.9784
RBrown@RobertBrownLaw.com

July 10, 2024

***VIA ECF***

Honorable Ann M. Donnelly
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   *Re:* *Fernandez v. Wenig Saltiel LLP., et al.*
     (EDNY Case No. 19-CV-1979) (AMD)(MMH)

Dear Judge Donnelly:

   This firm represents Defendants Wenig Saltiel LLP, Jeffrey L. Saltiel, and Meryl L. Wenig ("Moving Defendants") in the above-captioned action. We are writing to request a pre-motion conference pursuant to Section 4.A.i of Your Honor's Individual Practices and Rules. My firm was recently retained on this matter. When preparing a draft of the joint pretrial order, I realized that Plaintiff never made an EEOC complaint and never received a right to sue letter. Therefore, this Court has no jurisdiction.

### RELEVANT FACTUAL BACKGROUND

   As I am sure Your Honor is aware, you granted Defendants' motion for summary judgment for all but two causes of action: the Section 1981 and NYSHRL hostile work environment claims. *See* ECF No. 94 at p. 36. Only the two remaining claims are addressed herein.

   The Complaint alleges Plaintiff was terminated on February 27, 2019. *See* ECF No. 1 at ¶46. The Complaint was filed just over one month later -- on April 5, 2019. *See* ECF No. 1. The Complaint states:

### ADMINISTRATIVE PROCEDURES
  4. Within a week of filing this complaint, Ms. Fernandez shall file a charge of discrimination with the U.S. Equal Employment Opportunity

Commission ("EEOC") against Defendants for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The allegations, which will be contained in Plaintiff's EEOC charge, will arise out of many (if not all) of the same facts alleged herein that pertain to his Section 1981, NYSHRL, and NYCHRL discrimination claims.

5. Immediately upon receiving the notice of right to sue from the EEOC and/or permission from the EEOC to remove the claims and bring them to Court, Plaintiff will promptly amend the complaint to include all federal claims contained in her EEOC charge. *See* ECF No. 1.

My clients will provide sworn statements in support of the motion to dismiss (if granted permission) that to their knowledge an EEOC complaint was never filed and a right to sue letter was never issued. It is quite clear that Plaintiff never received a right to sue letter as a review of the Docket shows that Plaintiff never amended the Complaint.

## LEGAL STANDARD

A Title VII claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right to sue letter. *See* 42 U.S.C. § 2000e-5(e) and (f)(1); *see, e.g., Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994); *Butts v. City of New York Department of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir. 1993). The federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge. *See, e.g., Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998). This exhaustion requirement is "an essential element of Title VII's statutory scheme," *Butts*, 990 F.2d at 1401, and is designed "to give the administrative agency the opportunity to investigate, mediate, and take remedial action," *See Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985); *see also Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 613-614 (2d Cir. 1999)

It is undisputed that to maintain a discrimination action under Title VII, a plaintiff must file a timely charge with the EEOC or the equivalent state agency, receive from that agency a right to sue letter, and commence an action within 90 days after receipt of that letter. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996); *see also Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994). "In New York State, where state and local agencies have the authority to investigate claims of discrimination, an administrative charge must be filed within 300 days of the alleged unlawful conduct. *See Forsyth v. Federation Employment and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)). As the Supreme Court reconfirmed with regard

to the timely filing requirements, "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *AMTRAK v. Morgan,* 536 U.S. 101, 108 (2002).

Plaintiff was required to file a complaint with the EEOC and obtain a right to sue letter prior to initiating this action in federal court. *See* 42 U.S.C. §§2000e-5(e) and (f). Plaintiff fails to allege, however, that she actually filed such an EEOC complaint asserting her allegations contained in the Complaint and actually received a right to sue letter from the EEOC. Plaintiff's claims would therefore be futile on the ground that she failed to exhaust her administrative remedies. *See Grey v. Promenade Rehab. & Care Ctr.,* 145 Fed. Appx. 705 (2d Cir. 2005) (affirming district court's dismissal of complaint for failure to obtain right to sue letter prior to filing suit).

The defense of lack of subject-matter jurisdiction can be raised at any time. *See* Fed. R. Civ. P. 12(b)(1). Further, a district court "must" dismiss an action whenever it determines that it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also Behrens v. JPMorgan Chase Bank, N.A.,* 96 F.4th 202, 207 (2d Circ. 2024).

Therefore, my clients request a pre-motion conference as it is clear that the Court lacks subject matter jurisdiction.

Respectfully,

Robert E. Brown

cc: All Counsel of Record (via ECF)