
*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

July 10, 2024

**BY ECF**
Hon. Ann M. Donnelly, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:** **Fernandez v. Wenig Saltiel, LLP., et al.**
            **Docket No.: 19-CV-1979 (AMD)(MMH)**
            **Response In Opposition To Defendants' Request For A Premotion Conference**

Dear Judge Donnelly:

      This office represents Plaintiff Shonda Fernandez in this matter. I write to the Court in response and in opposition to Defendants' most recent application for as premotion conference to make a motion to dismiss, dated 7/10/2024 (ECF Docket No. 97, dated 7/10/2024.

      Prior to our office being retained to represent Plaintiff, Plaintiff's former attorney filed the Complaint at issue. As highlighted by Defendants, Plaintiff's former counsel appeared to intend to file this matter with the EEOC, but declined to do so and instead, filed this case in this Federal District court foregoing the opportunity to have this matter reviewed by the EEOC. Though the Complaint alleged at ¶¶4-5 that Plaintiff would pursue Title VII claims in the EEOC, her former counsel did not do so. Defendants claim that the Complaint must now be dismissed for failure to exhaust administrative remedies. This is incorrect.

      First, Defendants correctly state that the only claims remaining in this matter are Ms. Fernandez's claims pursuant to 42 U.S.C. § 1981, the New York State and New York City Human Rights Laws. But, it is more important to note that Ms. Fernandez never filed or pursued Title VII claims in this Action.

      It appears that Defendants may not be aware that, though "the standards applicable to Section 1981 claims are the same as those applicable to his Title VII claims," unlike Title VII, Section 1981 *does not* require an EEOC filing or right to sue notice prior to bringing suit." Pertillar v. AAA W. & Cent. N.Y., 2018 U.S. Dist. LEXIS 12861, *14-15 (NDNY 2018), *citing*, Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976). "The failure of a claimant to pursue administrative remedies before the EEOC and the appropriate state agency, as happened here, *does not* preclude [her] from instituting an action under § 1981." Goss v. Revlon, Inc., 548 F.2d 405, 407 (2nd Cir. 1976), *see also*, Campbell v. Grayline Air Shuttle, 930 F. Supp. 794, 801 (EDNY 1996) (plaintiff was not required to include his Section 1981 claims in his EEOC charges); Phillips v. Mattress Firm, 2023 U.S. Dist. LEXIS 216727, *8 (SDNY 2023) (unlike in cases brought under Title VII, there is no administrative-exhaustion requirement for claims brought under Section 1981).

Likewise, it is very well settled that the New York State Human Rights Law do not require a prerequisite filing of a charge with any administrative agency either (infra). "NYSHRL . . . unlike Title VII, *does not* require exhaustion of administrative remedies prior to bringing a civil lawsuit; Ross-Caleb v. City of Rochester, 512 Fed. Appx. 17, 17-18 (2nd Cir 2013), *citing,* Patsy v. Board of Regents, 457 U.S. 496, 516 (1982); *see also,* Junior v. Erie Cty. Med. Ctr. Corp., 2019 U.S. Dist. LEXIS 26220, *19 (WDNY 2019) and Drees v. County of Suffolk, 2007 U.S. Dist. LEXIS 46618, *16-17 (EDNY 2008) (plaintiff's sole state claim arises under the New York Human Rights Law ("NYHRL"), which, unlike Title VII, *does not* require exhaustion of administrative remedies prior to bringing a civil lawsuit).

Finally, Plaintiff claims under the New York City Human Rights Law do not require a filing with any administrative agency either. Durden v. MTA, 2018 U.S. Dist. LEXIS 85039, *29 (SDNY 2018). "Unlike Title VII, the NYCHRL *[does] not* require exhaustion of administrative remedies." Viruet v. Citizen Advice Bureau, 2002 U.S. Dist. LEXIS 15045, *84 (SDNY 2002)

As such, Ms. Fernandez never had an obligation to exhaust administrative remedies or to file with the EEOC. Defendants are aware of this most important fact, yet they choose to make their application seeking permission to file a frivolous and belated motion to dismiss.

In any event, even if Plaintiff was required to file an administrative charge, Defendants did not raise this defense in their Answer or in any motions in this case until now, the eve of trial. For this reason, Defendants' belated argument is waived and should not be considered by this Court. Defendants' assertion that failure to exhaust administrative remedies is an alleged "jurisdictional defense" that can be raised at any time is inaccurate. The Courts "have repeatedly held that 'the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489-490 (2nd Cir 2018); *citing,* Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 385 (2d Cir. 2015) ("the failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court."). Therefore, this purported affirmative defense was waived and cannot now be asserted at this belated time. Hardaway at 490 (failure to file with the EEOC is a "an affirmative defense that is waived if not pled"); *see also,* Syrkin v. State Univ. of N.Y., 2005 U.S. Dist. LEXIS 21710, *16 (EDNY 2005) (filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that . . . is subject to waiver . . .")

For the above reasons, Defendants' application for leave to make a motion to dismiss for the reasons stated in their application should be denied, as a matter of law.

We thank the Court for its kind consideration.

                                      Respectfully Submitted,

                                      Gregory Calliste, Jr.

Cc:      Robert E. Brown, Esq. (by ECF)
           Liane Fisher, Esq. (by ECF)